

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00356-CV
_____

KENYSA GOFF, Appellant

V.

MORGAN ROGERS AND STACY LYNN PEARL

---

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-327787-21

---

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

This appeal arises from a jury verdict in a personal-injury lawsuit brought by appellant Kenysa Goff against appellees Morgan Rogers and Stacy Lynn Pearl following an automobile accident. The jury found Pearl liable for Goff's injuries but, according to Goff, awarded insufficient damages for past loss of earning capacity. In a single issue, Goff argues that because this damages award was against the great weight and preponderance of the evidence, a new trial is required. We affirm.

## I. BACKGROUND

This case arises from an automobile accident that occurred in March 2020. At the time of the accident, Goff was a passenger in a vehicle driven by Pearl. Pearl's and Rogers's vehicles collided in an intersection. Both Pearl and Rogers claimed that they had a green light—and therefore the right-of-way—at the time of the collision.

Alleging that she was injured in the collision, Goff sued both Pearl and Rogers for damages.[1] Following a trial, the jury found that Pearl was 100 percent liable for the accident. The jury awarded Goff $16,330.17 in damages for past medical care expenses and $625 in damages for "[l]oss of earning capacity sustained in the past."

---

[1]Goff's original petition only named Rogers as a defendant, but after Rogers moved to designate Pearl as a responsible third party, Goff amended her petition to add Pearl as a defendant.

Dissatisfied with the jury's damages award for past loss of earning capacity, Goff filed a motion for new trial,[2] which the trial court denied. This appeal followed.

## II. DISCUSSION

In a single issue, Goff argues that she is entitled to a new trial because the jury's damages award for past loss of earning capacity is against the great weight and preponderance of the evidence. We disagree.

### A. APPLICABLE LAW AND STANDARD OF REVIEW

Generally, a jury has great discretion in considering evidence on the issue of damages, and its findings are entitled to great deference from an appellate court. *See In re State Farm Mut. Auto. Ins. Co.*, 483 S.W.3d 249, 263 (Tex. App.—Fort Worth 2016, orig. proceeding); *Hammett v. Zimmerman*, 804 S.W.2d 663, 664–65 (Tex. App.—Fort Worth 1991, no writ); *see also Lehmann v. Wieghat*, 917 S.W.2d 379, 385 (Tex. App.—Houston [14th Dist.] 1996, writ denied) ("The general rule is that a finding of the jury is entitled to great deference by the appellate court unless the record reflects that the jury is motivated by passion, prejudice[,] or something other than conscientious conviction."). Nevertheless, a court may overturn a jury's finding on damages if the evidence supporting it is so weak or is so contrary to the great weight

---

[2]In her motion, Goff argued that she was entitled to a new trial not only because the jury's damages award for past loss of earning capacity was against the great weight and preponderance of the evidence but also because Rogers's counsel purportedly violated the trial court's order in limine and because "the injection of insurance probably caused the rendition of an improper judgment."

and preponderance of the evidence that it is clearly wrong and unjust. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *see also Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (holding that in reversing a jury's verdict on appeal, an appellate court must "detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient or is so against the great weight and preponderance as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias").

Thus, when presented with an argument that a jury's damages award is against the great weight and preponderance of the evidence, we must consider and weigh all of the evidence to determine whether it is sufficient to support the verdict. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003); *see also Gregory v. Chohan*, 670 S.W.3d 546, 557 (Tex. 2023) (holding that because courts "must insist that every aspect of our legal system . . . yields rational and non-arbitrary results based on evidence and reason[,]" the amount of damages awarded by a jury "must be based on evidence"). In conducting our factual-sufficiency review, we must bear in mind that, as always, "[w]hen evidence conflicts, the jury's role is to evaluate the credibility of the witnesses and reconcile any inconsistencies, and as a general proposition, the jury may 'believe all or any part of the testimony of any witness and disregard all or any part of the testimony of any witness.'" *Anderson v. Durant*, 550 S.W.3d 605, 616 (Tex. 2018) (quoting *Golden Eagle Archery*, 116 S.W.3d at 774–75); *see also Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *McGuffin v. Terrell*, 732 S.W.2d 425, 428 (Tex.

4

App.—Fort Worth 1987, no writ) (recognizing that although an appellate court has the authority to overturn a jury's verdict if it is against the great weight and preponderance of the evidence, the credibility and weight to be given the evidence are within the province of the jury, and an appellate court cannot substitute its judgment for that of the jury just because it might have reached a different conclusion).

We must also bear in mind that a jury, in the exercise of its broad discretion, may "award damages within the range of evidence presented at trial, as long as a rational basis exists for its calculation." *Holland v. Lovelace*, 352 S.W.3d 777, 792 (Tex. App.—Dallas 2011, pet. denied) (citing *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 760 (Tex. App.—Dallas 2008, no pet.)). We will not disregard a jury's findings merely because its reasoning in arriving at its figures may be unclear. *Id.* Further, "[t]he fact that there is nothing in the record to show how the jury arrived at a specific amount is not necessarily fatal to the verdict." *Id.* Rather, when the evidence supports a range of awards, an award of damages within that range may be an appropriate exercise of the jury's discretion. *Id.* But if there is no rational basis for a jury's damages calculation, its finding should be set aside. *Id.* (citing *First State Bank v. Keilman*, 851 S.W.2d 914, 930–31 (Tex. App.—Austin 1993, writ denied)). "A jury may not arbitrarily assess an amount neither authorized nor supported by the evidence presented at trial." *Id.* at 792–93.

## B. ANALYSIS

Goff contends that the jury's $625 damages award for past loss of earning capacity[3] is "mathematically impossible" based on the evidence presented at trial. Goff, who was a self-employed house cleaner at the time of the accident, testified that she lost $2,500 worth of cleaning jobs due to her injuries, but her documentary evidence showed that she had only lost $1,250 in revenue. Specifically, Goff's documentary evidence showed losses from jobs that she was unable to perform for three customers: a $200 loss from "Pam and Dagan," a $650 loss from "Kim and Paul," and a $400 loss from "Rosalind." According to Goff, because no combination of these individual losses adds up to $625, the jury necessarily applied an arbitrary fifty percent discount to the $1,250 figure, and therefore, its damages award is not supported by the evidence.

But, as Rogers points out, the record provides a rational basis for the jury's damages calculation. *See Holland*, 352 S.W.3d at 792. Goff's lost-revenue calculations

---

[3]Rogers argues that Goff's appellate argument is moot because she did not present any evidence of her earning capacity before the accident—a prerequisite for a damages award for past loss of earning capacity. *See Strauss v. Continental Airlines, Inc.*, 67 S.W.3d 428, 435 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (distinguishing between claims for "past lost earnings" and "loss of earning capacity" and explaining that to support a claim for past loss of earning capacity, "the plaintiff must introduce evidence from which a jury may reasonably measure in monetary terms his earning capacity prior to injury"). We agree with Rogers that Goff's arguments and the evidence that she presented at trial seem more suited to a lost-earnings theory of damages than a loss-of-earning-capacity theory. *See id.* But because we overrule Goff's sole appellate issue on the merits, we need not decide whether it is moot. *See* Tex. R. App. P. 47.1.

were based on approximately two months of missed work. However, her medical records reflect that she received consistent chiropractic treatment for just one month and then went approximately one month with no treatment before returning for a single additional session.[4] The jury could have reasonably inferred that Goff was well enough to work during the one-month period between her penultimate and final treatment sessions and that she was therefore entitled to only one month's worth of lost earnings. *See id.*; *see also Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 706 (S.D. Tex. 2013) ("[A]ll that an award of damages requires is substantial evidence in the record to permit a factfinder to draw reasonable inferences and make a fair and reasonable assessment of the amount of damages." (quoting *Broan Mfg. Co., Inc. v. Associated Distribs., Inc.*, 923 F.2d 1232, 1235 (6th Cir. 1991))). Thus, despite being less than what Goff requested, the jury's damages award is supported by the evidence and is not—as Goff contends—necessarily arbitrary. *See Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 606 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("[A] jury is not tied to awarding damages exactly as requested by the injured party." (citing *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 73 (Tex. 2000))).

Because the record provides a rational basis for the jury's $625 award for past loss of earning capacity, we cannot conclude that it is so contrary to the great weight

---

[4]Goff's medical records reflect that she first visited the chiropractor on March 12, 2020, and received consistent treatment through April 14, 2020. Following her April 14 visit, she did not receive any additional treatment until May 15, 2020.

and preponderance of the evidence that it is clearly wrong and unjust.  *See Dow Chem.*

*Co.*, 46 S.W.3d at 242.  Accordingly, we overrule Goff's sole issue.

### III.  CONCLUSION

Having overruled Goff's sole issue, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  March 28, 2024